### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PAULETTA N. HIGGINS,                                    Case No. 1:14-cv-247
      Plaintiff,                                     Beckwith, J.
                                                       Litkovitz, M.J.
    vs.

DEPARTMENT OF JOB
AND FAMILY CPS, et al.,                                **REPORT AND**
      Defendants.                                    **RECOMMENDATION**


      Plaintiff Pauletta N. Higgins, a resident of Cincinnati, Ohio, brings this action against the

"Department of Job and Family CPS," Julie Harrison, Marjorie Davis, Alex Patfalls, and

Brittanie Dudley. By separate Order, plaintiff has been granted leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review

of plaintiff's complaint to determine whether the complaint, or any portion of it, should be

dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be

granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint is difficult to decipher. Plaintiff alleges that on June 27, she telephoned the Department of Job and Family Children's Services "to get involved with my current situation and involving my 6 y.o Child." Plaintiff states that in response to her phone call, the agency gave false information to the Forest Park Police and stated that plaintiff threatened to commit suicide. When the police arrived, plaintiff informed them that the agency was mistaken and she had only called to obtain help for her child. Nevertheless, the police took plaintiff to the hospital.

Plaintiff also alleges that shortly after this incident, the agency was planning to move her child back home before the start of the new school year. However, he was not returned until November 2013 because defendant Davis "had some type of hate crimes against me and my child being together." She also states that defendant Davis went to her child's school and "provoke/threatened him to wher[e] my 6 y.o. child was transported to Cincinnati Children's hospital due to his behavior which was cause by Marjorie Davis." Plaintiff includes additional allegations concerning the removal of her child from her home by a juvenile court magistrate which is the subject of a separate lawsuit and will not be repeated here. *See Higgins v. Anthony*, No. 1:14-cv-246 (S.D. Ohio). The remainder of plaintiff's complaint alleges:

> On December 25th 2013 I Pauletta Higgins witness my Child begin abuse in his
> Forest Home which lead him with a fracture tooth diagnoses by Dr. Magalia at
> Mercy Fairfield Hospital. On January 10th the agency (Julie Harrison and
> Marjorie Davis comes to my home again and me and my 7y.o child get harassed
> and toured by Marjorie Davis and Julie Harrison due to the fruition the agency is
> with me I go to the Forest Park Police to make a Report and the agency use my
> son and I situation to separate us to try and proke me to not have my son I
> countine to notified of the agency doings which lead them to violate my right to
> attend my child school and dr app. meeting so I go back to the court to filed a
> motion concerning theses matter and the magiste make order of my entilments
> ship the agency still violate thee court order where I get tramutin by Brittanie
> Dudle and Alex patfall by placing my child with my abusive family memembe
> who I made it clear to that I did not want my child to place I inform the court
> where a orded was made for my child to be with a friend d of mines the agency
> attend to provoke me and any way they can with my child or my currant
> cumtantance and I declar justice or my case to get transferred to a diffent I am
> scared for my Life noting I have No Idea of what the agency plan is to do next.

(Complaint at 6). Plaintiff seeks protection from retaliation, a "possible order" that her case be

transferred to a different state, a "lawsuit for pain and suffering," and an order to pay all

traveling fees.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over

which this federal Court has subject matter jurisdiction.

First, it appears clear from the face of the complaint that plaintiff is not invoking the

diversity jurisdiction of the Court under 28 U.S.C. § 1332(a). Even if she had, the complaint

reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to

lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant"

thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing

*State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v.*

*Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res.*

*Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named

defendants are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on the

basis of diversity of citizenship.

District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In this case, the undersigned is unable to discern from the facts alleged in the complaint, any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief. Plaintiff's pro se complaint is largely indecipherable and provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's federal constitutional or statutory rights. *Iqbal*, 556 U.S. at 678. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/28/14

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PAULETTA N. HIGGINS,
    Plaintiff,

    vs.

DEPARTMENT OF JOB
AND FAMILY CPS, et al.,
    Defendants.

Case No. 1:14-cv-247
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).