IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pauletta Higgins, :
: Case No. 1:14-cv-247
:
        Plaintiff, :
:
   v. :
:
Department of Job and Family CPS :
et al., :
:
        Defendants. :

### O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of March 28, 2014 (Doc. No. 4) and Plaintiff Pauletta Higgins's objections to the Report and Recommendation (Doc. No. 5).  Also before the Court is Plaintiff's motion to hold Kim Sexton in contempt.  Doc No. 6.

Because Plaintiff had been granted in forma pauperis status, Magistrate Judge Litkovitz sua sponte reviewed Plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if any part of it should be dismissed because it is frivolous, malicious or fails to state a claim for relief.  Accurately describing Plaintiff's complaint as being "largely indecipherable," Judge Litkovitz concluded that Plaintiff failed to plead any cognizable federal claim or establish the Court's diversity jurisdiction over any possible state law claim.  Judge Litkovitz, therefore, recommended dismissing the complaint with prejudice.

Plaintiff filed a timely objection to the Report and Recommendation which is likewise hard to follow.  Plaintiff also filed a motion to hold a person named Kim Sexton

1

in contempt for failing to comply with a subpoena duces tecum she served.

The Court's assessment of Plaintiff's complaint is somewhat different from Judge Litkovitz's analysis although it largely agrees with the result she reached.  In the Court's view, the complaint indicates that Plaintiff is involved in an ongoing custody dispute over her minor child with the Department of Job and Family Services and she would like this Court to intercede on her behalf.  For instance, after describing the circumstances which allegedly led to the removal of her son from her home, Plaintiff indicates that she objected to the court's placement of her child with allegedly abusive family members. Plaintiff also apparently complains that the Defendants interfered with certain of her visitation rights.  In her objections, Plaintiff states that Defendants are "destroying" her reunification with her child.  Plaintiff indicates that she wants her child custody case moved to another court.  Doc. No. 3, at 6.

While some federal claim might be lurking in Plaintiff's complaint - she mentions retaliation and hate crimes - the Court nevertheless concludes that it lacks subject matter jurisdiction in this case and/or that abstention from jurisdiction is appropriate because it is apparent that the complaint is related to ongoing state custody proceedings.  Hughes v. Hamann, 23 Fed. Appx. 337, 338 (6th Cir. 2001).

Accordingly, Plaintiff's objections to Magistrate Judge Litkovitz's Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation to the extent it recommends dismissing the complaint. The complaint, however, is **DISMISSED WITHOUT PREJUDICE.**  Plaintiff's motion to hold Kim Sexton in contempt is not well-taken and is **DENIED.  THIS CASE IS**

**CLOSED.**

The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    **IT IS SO ORDERED.**

Date April 15, 2014                                s/Sandra S. Beckwith
                                                             Sandra S. Beckwith
                                    Senior United States District Judge